Martin, J.
delivered the opinion of the court. The plaintiffs claim from the defendants, their uncle, their shares of the estate of their grandmother. He denies having any part of it in his hands. There was judgment for them, and he appealed.
... , , At the trial, he produced an instrument, under private signature, executed before two witnesses> purporting to be a donation inter vivos, made by his mother, the plaintiffs’ grand-mother, to Paulinville, a natural son of Eulalie Bonvalet, of the negro girl Francoise, stated in the petition to be part of the estate of the deceased. The plaintiffs’ counsel opposed the proof and introduction of the instrument, and the court sustaining the opposition : the adverse counsel took a bill of exceptions.
The bill does not enable us, to ascertain on what ground the opposition was made. In the opinion of the court, we are informed that the donation appeared irregularly made, and at least wrongfully obtained from a very old, weak and infirm, if not insane woman. Further, the opinion states, that the donation was contradicted *703 by a sale made by the defendant of this very slave.
Carleton for the plaintiffs, Seghers for the defendant.
The evidence in the case is not before us, and we are bound to believe, that it justified, in the view of the parish judge, the disregard of the instrument offered. But, nothing appears to us to have justified its rejection. The defendant had a right to have this document examined, and the effect of it considered. This could not be done, till it was proven to be the genuine act and deed of the deceased. Nothing on the face of it has the appearance of fraud and irregularity, and we are bound to say, that the defendant ought to have been permittee! to prove it.
It is, therefore, ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and that the cause be remanded, with directions to permit the defendant to adduce proof of the execution of the instrument by the donor, and it is ordered that the plaintiffs and appellees pay the costs of the appeal.